Levi Schload and Jacob G. Schaeffer, Supervisors of the Township of Ephrata, County of Lancaster, Commonwealth of Pennsylvania, *v.* The Clay & Hinkletown Turnpike Company, Appellant.

*Turnpike—Abandonment—Injunction to prevent new company from taking possession without making compensation—Maintenance by supervisors.*

Where township supervisors have repaired and maintained as a county road an abandoned turnpike, under the Act of April 5, 1870, P. L. 48, equity will enjoin another duly incorporated turnpike company from charging, taking or collecting tolls for travel on said turnpike road until it shall have paid to the plaintiffs all sums of money, and for all labor, with interest, expended on said road.

Argued May 21, 1897.    Reargued May 15, 1899.    Appeal, No. 202, Jan. T., 1897, by defendant, from decree of C. P. Lancaster Co., in equity, Equity Docket, No. 2, p. 311, granting injunction against defendant.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Bill to enjoin defendant company from collecting toll.

It appears from the master's report that the Downingtown, Ephrata and Harrisburg Turnpike Company, chartered in 1803, operated and maintained a portion of its pike running through the township of Ephrata. This portion was in 1871, condemned as being out of repair and dangerous to the traveling public, and was therefore put into repair by the supervisors of Ephrata township, and was kept and maintained by them as a county road, free of tolls, until 1884. On April 29, 1884, the Clay and Hinkletown Turnpike Company, defendant, was incorporated for the purpose of building and maintaining a turnpike road, and by virtue of its right of eminent domain entered upon and took so much of the abandoned roadbed of the Downingtown, Ephrata and Harrisburg Turnpike as lay in the township of Ephrata. In September, 1884, the supervisors of Ephrata township presented their petitions to the court of quarter sessions, setting forth the above facts and praying that the Clay and Hinkletown Turnpike Company be not allowed to collect tolls on the said turnpike until it had paid the several townships in accordance with the Act of April 5, 1870, P. L. 48, the sums alleged to have been expended by them on the repair and maintenance of the road from its abandonment by the Downingtown, Ephrata and Harrisburg Turnpike Company to its taking as aforesaid by the Clay and Hinkletown Turnpike Company.

Answers were filed by the Turnpike Company and the case referred to a master who reported that equity could not take jurisdiction in the case and restrain defendants from the legitimate exercise of its chartered rights and privileges for the mere purpose of making it pay a debt.

Exceptions were filed to the report of the master by the plaintiffs, which were sustained in the following opinon by LIVINGSTON, P. J.

In this case, which only came before and was submitted to this court for the final disposition of the exceptions filed to the report of the master, at the present March term, 1897, and too late for the court to write out an opinion at length, in time to permit the case to be prepared for the Supreme Court, before which it will, without doubt, be presented at its next session, we can only say, in brief, that a full examination of the bill

filed, the answer, replication, the report of the master and all the facts before him, upon which his report is based, leads the court to the conclusion that the learned master erred in recommending that the court should enter a decree dismissing the plaintiff's bill with costs.

And we, therefore, sustain the exceptions filed to the report of the master, and do now adjudge, order and decree that the respondent, the Clay and Hinkletown Turnpike Company, claiming so much of what, as stated in the bill, was part of the Downingtown, Ephrata and Harrisburg turnpike road, which had been operated as a turnpike road, running part way through Ephrata township, Lancaster county, and which had been legally condemned and taken charge of, and put and kept in good order and repair in like manner as a county road, and used as a county road free of toll, until claimed and taken by said respondent, by virtue of its charter, as a turnpike, through the township of Ephrata, and has been and is now operated as a turnpike, and toll charged for travel thereon, without having paid complainants all moneys expended and for labor with interest, as the law requires, be, and is hereby enjoined and prohibited from charging, taking or collecting toll for travel upon the said the Clay and Hinkletown turnpike road from the date of this decree until such time as the said company respondent shall have paid to the complainants for the use of Ephrata township, all such sums of money, and for all labor expended upon said road subsequently to its condemnation and prior to its being claimed, taken and appropriated by said Clay and Hinkletown Turnpike Company (which from the testimony before him finds, and states on page 5 of his report, is $4,950 exclusive of interest) and with interest, which from the time respondent took possession and began to charge toll on this road, September 6, 1884, amounts to the sum of $3,712.50, making the sum total to be paid $8,662.50 ; as the act of assembly in such a case directs and requires. Defendant appealed.

*Errors assigned* were in entering the above decree, reciting same.

*John E. Malone* and *Marriott Brosius*, with them *William H. Keller*, for appellant.—Such property as the defendant company

took or injured it had to provide compensation for in accordance
with the provisions of the Act of April 29, 1874, P. L. 104,
sec. 41.    Under the provisions of that act the defendant was
permitted to take property, and if the township suffered any
damage the remedy there provided was the only one it could
pursue to obtain compensation.

The opinion of the judge in the quarter sessions proceedings
has exhausted the question, and a reading of the same as well
as the master's report will remove any doubt concerning the
correctness of the position assumed in the above argument.    We
might add that nowhere is it averred in the bill that the defend-
ant is any way indebted to the supervisors of the township of
Ephrata for or by reason of the money expended on said aban-
doned road.    Nor is it therein averred that the defendant claimed
said abandoned turnpike road by virtue of the provisions of the
act of 1870.    The relief prayed for in the bill is that the defend-
ant may be enjoined from the collection of tolls until a certain
sum of money not alleged in the bill to be due by the defend-
ant to the plaintiffs has been paid.    How can this relief be
granted?    The averments to support it are not found in the
bill.    This is a fatal defect: Thompson's App., 126 Pa. 367.
There must be a sufficient equity apparent on the face of the
bill to warrant the granting the relief prayed for, and material
facts relied on must be so distinctly stated as to be put in issue:
Harding v. Handy, 11 Wheat. 103.    If the proofs go to matters
not within the allegations of the parties, the court cannot act
upon them: Piatt v. Vattier, 9 Pet. 404; Harrison v. Nixon, 9
Pet. 483.

*John H. Fry* and *J. Hay Brown*, with them *W. U. Hensel*,
for appellees.—The single and simple question for the considera-
tion of this court is the interpretation and application to the
uncontroverted facts in this proceeding of section 2 of the Act
of April 5, 1870, P. L. 48.

The sole question for the consideration of this Court is,
whether the present turnpike company is such a " company,"
or the members thereof such " other persons," " claiming " the
said roadbed as are contemplated by the act of assembly above
quoted.    If the contention of the appellant should prevail, the
act of 1870 would practically be a dead letter; for, after years of

abandonment by a turnpike company, and years of maintenance by township authorities, involving large expense, those interested in the old turnpike could, by a reorganization under a new charter, reoccupy the road, absolved from all such liabilities as are imposed by the act. In other words, there could not be a conceivable case in which the terms of the act could not be evaded, if this interpretation contended for by the appellant should be given to it.

PER CURIAM, May 23, 1899:

The six justices who heard and considered this case being equally divided in opinion, it is ordered that the decree of the court below stand affirmed.